# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHEVELE DONTE LYONS,**

       Petitioner,

  -vs-

                                   Case No. 13-C-532

**MICHAEL MEISNER, Warden,**
**Columbia Correctional Institution,**

       Respondent.

# DECISION AND ORDER

After a jury trial in Racine County Circuit Court, Chevele Donte Lyons was found guilty of felony murder, armed burglary, and false imprisonment, all party to a crime. The Wisconsin Court of Appeals described the incident in a decision related to Andre Hansbrough, one of Lyons' co-actors who was tried separately:

> The charges related to the events of August 21, 2007, which resulted in the murder of Antonio Strong and the false imprisonment of Strong's girlfriend, Yolanda King. Yolanda reported that at approximately 3:00 a.m. three black males with their faces covered entered the residence she shared with Strong. One of the males took her into the bathroom, pulled the shower curtain closed and pointed a gun at her while the other two individuals pointed what she believed to be a handgun and shotgun at Strong. While in the bathroom, Yolanda heard people talking and then shots being fired. The three individuals left the home, and Yolanda found Strong lying on the floor, shot more than once and bleeding badly. Strong was declared dead of shotgun wounds at the hospital later that morning.

*State of Wisconsin v. Hansbrough*, 799 N.W.2d 887, 889 (Wis. Ct. App. 2011). Six people, including Lyons and Hansbrough, were eventually implicated in this crime.

The *Hansbrough* decision adjudicated the same issue presented by Lyons' current pursuit of post-conviction relief: whether omitting a not guilty verdict form for felony murder is a structural error requiring automatic reversal, or a trial error subject to harmless error analysis. In *Hansbrough*, the court of appeals came to the latter conclusion and found that the error was harmless. Subsequently, the court of appeals summarily affirmed the denial of Lyons' motion for post-conviction relief because, as the parties conceded, "there are no meaningful distinctions between *Hansbrough* and Lyons' pending appeal." *State of Wisconsin v. Lyons*, 2010AP3024-CR, at 2 (Wis. Ct. App. Aug. 23, 2011). The Wisconsin Supreme Court denied Lyons' petition for review (with two justices dissenting), and the United States Supreme Court denied a petition for a writ of certiorari.

Now before the Court is Lyons' petition for a writ of habeas corpus. 28 U.S.C. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), such a writ can issue only if the proceedings in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Lyons' petition implicates the first part of this standard, § 2254(d)(1), not the second. Therefore, Lyons must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing

law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786-87 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786.

In *Hansbrough*, the court of appeals recognized the distinction between "trial errors, which are subject to harmless error analysis, and structural errors, which defy analysis by harmless error standards." 799 N.W.2d at 891 (citing *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991)). By analogy to *Neder v. United States*, 527 U.S. 1, 9 (1999), which held that "an instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence," the court held that the "failure to provide the jury with a not guilty form for one of the five charged offenses did not constitute structural error." *Hansbrough* at 893. The Court agrees with this analysis. Lyons, like the defendant in *Neder*, was "tried before an impartial judge, under the correct standard of proof and with the assistance of counsel," and an "impartial jury was instructed to consider all of the evidence and argument in respect to" his defense. *Neder* at 9. In this context, the failure to submit a not guilty verdict form is "simply an error in the trial process itself," not a "defect affecting the framework within which the trial proceeds." *Fulminante* at 310. Moreover, the list of so-called structural errors is extremely short. *See Neder* at 8 (listing cases, including complete denial of counsel, biased trial judge, racial discrimination in grand jury selection, denial of self-representation at trial, denial of public trial, and defective reasonable doubt

- 3 -

instruction). The "strong presumption" that constitutional errors in a criminal proceeding are subject to harmless error analysis, *Sullivan v. Louisiana*, 508 U.S. 275, 283 (1993) (Rehnquist, C.J., concurring), combined with the Court's deferential review of the state court's decision under the AEDPA, leads to the inescapable conclusion that Lyons is not entitled to relief in federal court.

Lyons does not appear to take issue with the state court's harmless error analysis, but even if he did, Lyons could not succeed on such a claim. As the court of appeals explained, "Hansbrough claimed he was not present at the crime scene or otherwise involved. Lyons testified to the same effect. Both defendants conceded that the jury instructions were appropriate. As in *Hansbrough*, the jury convicted Lyons of armed robbery, the predicate offense for felony murder, thereby rejecting Lyons' defense that he was not involved in the incident. As in *Hansbrough*, the jury was polled about its verdicts." ECF No. 11-8, at 2. In the absence of any "meaningful distinctions between *Hansbrough* and Lyons' pending appeal," the court endorsed *Hansbrough*'s conclusion on harmless error: "Given that the trial court properly instructed the jury and that the jury found Hansbrough [i.e., Lyons] guilty of the related counts, we are satisfied beyond a reasonable doubt that a rational jury would have found Hansbrough [and Lyons] guilty of felony murder even if it had been provided the proper verdict forms." *Id.* This conclusion is in accordance with Supreme Court jurisprudence, and it is not an unreasonable application thereof. *Neder* at 18 ("We think, therefore, that the harmless-error inquiry must be essentially the

- 4 -

same: Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?").

Lyons' petition for a writ of habeas corpus is **DENIED**. The Clerk of Court is directed to enter judgment accordingly. Reasonable jurists could not debate the correctness of the foregoing decision, so the Court will not issue a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases; *Rittenhouse v. Battles*, 263 F.3d 689, 693 (7th Cir. 2001).

Dated at Milwaukee, Wisconsin, this 18th day of November, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**